**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KENNETH L. WHATLEY, SR., )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiff, )<br>　vs. 　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　)<br>SUPERINTENDENT WENDY KNIGHT, )<br>　et al., 　　　　　　　　　　　　　 )<br>　　　　　　　Defendants. 　　　　 ) | 1:07-cv-1225-WTL-JMS |

**Entry Discussing Motion for Summary Judgment**

In this civil rights action, Kenneth Whatley ("Whatley") alleges that the defendants have subjected him to cruel and unusual punishment by confining him with mechanical restraints during his dialysis treatment at an Indiana prison. Defendant Wendy Knight ("Knight") moves for summary judgment, arguing that Whatley has failed to exhaust his administrative remedies.[1]

　　　　1.　　Knight's motion for summary judgment must be granted if the court concludes "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). The role of Rule 56 is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson,* 477 U.S. at 247). A "material fact" is one that "might affect the outcome of the suit." *Anderson,* 477 U.S. at 248.

---

[1] Whatley has filed a document titled "Support of the Plaintiff's Motion for Summary Judgment" (dkt 75). Though apparently styled as a separate motion for summary judgment, this document seems to be a response to Knight's motion for summary judgment and the court will treat it as such.

  2. "'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999)(quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

  3. The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Whatley as the non-moving party with respect to the motion for summary judgment. See *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

  a. Whatley has been confined at the Plainfield Correctional Facility ("PCF") since January 30, 1997.

  b. A grievance program has been in place at PCF during Whatley's confinement. To initiate the grievance process, a prisoner should contact a staff member to discuss the matter subject to the grievance to seek informal resolution of the matter. If the prisoner is unable to obtain an informal resolution of the grievance, he can submit a formal written grievance to the Grievance Investigator or Administrative Assistant of the facility. If the formal written grievance is not resolved in a manner that satisfies the prisoner, he can appeal to the Department Offender Grievance Manager for the Department of Correction by submitting the appropriate documents to Kevin Mulroony ("Mulroony"), the Administrative Assistant responsible for the Offender Grievance Program at PCF.

  c. Since December of 2005, complaints regarding the use of restraints have been subject to the grievance process.

  d. Mulroony has been involved in responding to grievances at PCF since October 6, 2007. As Administrative Assistant, Mulroony maintains the records of the grievances submitted by prisoners while incarcerated at PCF.

  e. A review of Mulroony's records shows that Whatley submitted grievance number 29971, regarding the use of mechanical restraints, on March 23, 2007. In that grievance, Whatley requested "soft restrains [sic] and no cuff on [his] access arm." Whatley received a response to this grievance on April 4, 2007, stating that mechanical restraints can be used.

  f. Whatley had the ability to appeal the response to grievance number 29971 to the Department Offender Grievance Manager for the DOC. There is no record that Whatley filed an appeal of the response to grievance number 29971.

  g. Whatley also received a letter in June of 2007 explaining that a cage system would be implemented to allay his concern regarding the mechanical restraints.

  h.  Whatley filed grievance number 39310 on January 7, 2008, regarding the use of restraints and appealed the response to that grievance.

  4.  Whatley alleges that the defendants violated his rights by requiring mechanical restraints during his dialysis treatment. His claims are brought pursuant to 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

  5.  In her motion for summary judgment, Knight asserts that, as a threshold matter, Whatley's claims are procedurally barred based upon his failure to exhaust available administrative remedies with regard to those claims. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

  6.  The failure of a prisoner to satisfy the PLRA's exhaustion requirement gives rise to a defense which must affirmatively be raised by a defendant in response to an inmate suit. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In the event a defendant named in such an action establishes that the inmate plaintiff failed to properly exhaust available remedies prior to commencing the action, the complaint is subject to dismissal.

  7  Knight has shown that Whatley failed to exhaust his administrative remedies. Whatley's arguments otherwise do not compel a different conclusion. Whatley states that after he filed grievance number 29971, he received a letter stating that, to solve his concern regarding the mechanical restraints, a cage would be placed around the dialysis chairs. Based on this statement, Whatley concludes that because he received this favorable response, he exhausted his administrative remedies. But Whatley in fact received a formal response to his grievance stating that mechanical restraints would be used and he did not appeal that decision. Further, when the cage solution did not materialize and the facility continued to use mechanical restraints, Whatley did not attempt to pursue any other administrative remedy before filing this lawsuit. Whatley argues that he filed grievance number 39310 on January 7, 2008, and appealed the negative response to that grievance thereby exhausting his administrative remedies. But this fact cannot be used to show that Whatley exhausted his available administrative remedies with respect to the claims in this case because Whatley filed this lawsuit on September 25, 2007—several months before he filed or appealed grievance number 39310.

      8.    Whatley has failed to submit evidence sufficient to rebut the conclusion that he failed to exhaust his administrative remedies prior to filing this action. Accordingly, Knight is entitled to judgment in her favor and against Whatley on his claims.

      Knight's motion for summary judgment is (dkt 65) **granted**. No partial final judgment shall issue as to the claim resolved in this Entry.

      **IT IS SO ORDERED.**

Date: 12/07/2009

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

James Walter Brauer
STEWART & IRWIN P.C.
jbrauer@silegal.com

Lynne Denise Hammer
OFFICE OF THE INDIANA ATTORNEY GENERAL
lynne.hammer@atg.in.gov

Betsy M. Isenberg
INDIANA OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

Michael D. Rogers
BOSE MCKINNEY & EVANS, LLP
mrogers@boselaw.com

Kenneth L. Whatley Sr.
#962809
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168